United States District Court
Southern District of Texas
ENTERED

AUG 1 3 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| JORGE HORACIO CASTILLO-SILVA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL NO. B-07-107 |
| | § | (CRIM. NO. B-06-972-1) ✓ |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Vacate or Set Aside Sentence (Docket No. 10) filed by Petitioner, Jorge Horacio Castillo-Silva ("Petitioner") pursuant to 28 U.S.C. § 2255, and a Motion to Dismiss (Docket No. 19) filed by the Government. For the reasons stated below, this Court grants the Government's motion and dismisses the case.

### I. Procedural Background

The indictment charged Petitioner with two offenses. Count One charged Petitioner with a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 for conspiracy with intent to distribute more than 100 kilograms (approximately 368 kilograms or 809.8 pounds) of marihuana, a Schedule I controlled substance. Count Two charged Petitioner with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 for possession with intent to distribute more than 100 kilograms (approximately 368 kilograms or 809.8 pounds) of marihuana, a Schedule I controlled substance. On December 15, 2006, Petitioner pleaded guilty to Count Two before a United States Magistrate Judge. This Court then, with the agreement of counsel and the defendant, adopted the report and recommendation of the Magistrate Judge and found the Petitioner guilty on March 19,

1

2007. Petitioner's counsel presented objections at the March 19th sentencing hearing and the Court reset the case for April 24, 2007, to resolve these objections. On April 24, 2007, the objections were resolved and this Court sentenced Petitioner to sixty-six months in prison. Also on April 24th, Petitioner made the decision that he did not want to appeal his conviction and did not want to appeal his sentence. This decision is reflected by the document entitled "Decision Regarding My Appeal". Petitioner wrote his initials next to the translated version of "I DO NOT want to appeal" into Spanish. Petitioner then signed and dated the document at the bottom, which authorized his attorney to file this document in the Court's public records. This Court subsequently entered final judgment on May 16, 2007.

Despite waiving his appellate rights, Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255 on September 7, 2007. Petitioner now alleges: (1) his guilty plea was unlawfully induced or not made voluntarily because he did not understand the nature of the charges and consequences of the Plea; and that his attorney advised him that his sentence could be 37 to 46 months; (2) his conviction was based on the use of evidence obtained pursuant to an unconstitutional search and seizure; (3) his conviction was obtained by the failure of the prosecution to disclose evidence favorable to him; (4) his defense counsel rendered ineffective assistance of counsel; and (5) his sentence should receive a 2-point reduction because his deportable status and ineligibility for certain BOP prison benefits are mitigating factors that should have been considered by the Court.

## II. Legal Analysis

Relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

2

1996). Where a sentence of imprisonment has been imposed, the court's authority to reduce or modify it is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). In order to prevail on his motion to vacate sentence, Petitioner must establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see United States v. Seyfert,* 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

### A. Waiver of Claims

Petitioner knowingly and voluntarily waived his right to appeal both his conviction and sentence. A defendant that shows no cause for failing to raise an issue on direct appeal is procedurally barred from consideration in an 18 U.S.C. § 2255 proceeding. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), cert. denied, 531 U.S. 1132 (2001).

In order for Petitioner to overcome the procedural bar, he would have to demonstrate either: (1) cause and prejudice, or (2) he is actually innocent of the crime for which he was convicted. *See United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1988). "A petitioner may not raise an issue for the first time on collateral review without first showing: (1) cause for the failure to raise it on direct appeal; and (2) actual prejudice resulting from the error." *Gaudet*, 81 F.3d 585, 589 (5th Cir. 2001). "The cause-and-actual-prejudice standard requires a defendant to show not only that 'some objective factor external to the defense' impeded his efforts to raise the issue on appeal, but also that the error he alleges 'worked to his actual and substantive disadvantage, infecting his entire trial with error.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). There is no external factor in this case. Petitioner signed a document in open court that waived his right to appeal. Consequently,

3

since Petitioner has failed to demonstrate either of the requirements set forth in Sorrells, all of his claims, other than his ineffective assistance of counsel claim, are procedurally barred. However, Petitioner's claims fail even if he had not waived them.

### B. Guilty Plea

Petitioner bases his first allegation on whether he entered a guilty plea that was either unlawfully induced or not made voluntarily. After a defendant has been convicted and has exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Despite fitting into this presumption of being "fairly and finally convicted," Petitioner argues that his guilty plea was not knowing and voluntary. Petitioner's claim fails because it is legally insufficient.

First of all, Petitioner argues that his guilty plea was unlawfully induced or not made voluntarily because he did not understand the nature of the charges and consequences of the Plea; and that his attorney advised him that his sentence could be thirty-seven to forty-six months. This argument carries no weight.

Petitioner testified that he had received a copy of all of the charges filed against him and discussed these charges with his counsel. Rearraignment Tr. 4:16-20, 5:2-4, Dec. 15, 2006. Petitioner further testified his attorney answered his questions and that the he was fully satisfied with his attorney's advice, counsel, and representation. Rearraignment Tr. 5:11-13, 5:20-23, Dec. 15, 2006. Petitioner then told the Court that he understood the charges filed against him. Rearraignment Tr. 12:21-23, Dec. 15, 2006. The Court explained to Petitioner that his guilty plea would cause him to face a mandatory minimum sentence of at least five years and not more than forty years. Rearraignment Tr. 14:8-10, Dec. 15, 2006. The Court then asked Petitioner if he understood what

4

the range of punishment would be for pleading guilty to Count Two and Petitioner answered that he did. Rearraignment Tr. 15:17-19, Dec. 15, 2006.

Before Petitioner entered his guilty plea, the Judge said, "Each one of you has told the Court that you understand everything that we have talked about. Understanding everything, knowing everything that can happen to you, do each of you still wish to plead guilty? Mr. Castillo?" Rearraignment Tr. 24:20-24, Dec. 15, 2006. Petitioner responded by saying, "Yes." Rearraignment Tr. 24:25, Dec. 15, 2006. Petitioner then pled guilty to Count Two of the indictment and said that he was pleading guilty freely and voluntarily. Rearraignment Tr. 26:15-20, Dec. 15, 2006. This exchange in open court directly contradicts Petitioner's claim that he did not understand the nature of the charges and consequences of the Plea. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Further, before sentencing, Petitioner also reviewed the Presentence Investigation Report (hereinafter "PSI") with counsel and this recommendation was for a minimum of sixty months in prison. Furthermore, the Fifth Circuit has held that an attorney's incorrect prediction regarding what sentence a defendant will receive does not cause a guilty plea to become unknowing or involuntary. *United States v. Santa Lucia*, 991 F.2d F.2d 179, 180 (5th Cir. 1993).

Additionally, he complains that he was misled about the potential sentencing range. The record clearly shows that Castillo-Silva was advised by the Court at the rearraignment that the range of sentencing was 5 to 40 years. The District Court when adopting the Report and Recommendation of the Magistrate: (1) asked the defendant if he had any objection to the Court adopting the report and finding him guilty and (2) if he had previously reviewed the PSI. Sentencing Tr. 2:13-3:2, March 19, 2007. His responses were that he had previously gone over the PSI with his lawyer and that he had no objection to the District Court adopting the Report and Recommendation and finding

5

him guilty. *Id.*

### C. Sentencing Error

Petitioner also argues that the Court committed a sentencing error by failing to take into account his alien status. That is, he argues that his alien status should serve to decrease his sentence because he is deportable and the Bureau of Prisons does not place aliens in minimal security, he is not eligible for community halfway houses, and is ineligible for a drug program. The effect of not being eligible for living in a community halfway house and for taking a drug program is that Petitioner will be in jail longer than a citizen would because of his inability to utilize these jail time-reducing tools. However, alien status does not warrant a downward sentencing departure. *Morales v. United States*, Slip copy, 2007 WL 1857084, at *3-4 (W.D. Tex. June 5, 2007). Castillo has not demonstrated that his status as a deportable alien is an extraordinary case requiring a departure from the Guidelines. *Id.*

The United States Sentencing Guidelines, in § 5H1.10, states that national origin will not factor into the determination of a sentence. U.S.S.G. § 5H1.10 (2008). However, this section does not address alienage. *Id.* National origin and alien status are of course two very different things. Consequently, in order for the Petitioner to receive a downward deduction of his sentence, this Court must depart from the Guidelines. In order to leave the "Guidelines' heartland," this Court must find that an aggravating or mitigating circumstance exists and was not sufficiently considered by the Sentencing Commission when formulating the guidelines that that a different sentence should result from the sentence computed in accordance with the Guidelines. *Morales*, 2007 WL 1857084, at *3 (quoting *Koon v. United States*, 518 U.S. 81, 94 (1996)).

The First Circuit held, "[T]he common facts of a long sentence and likely deportation" do not

by themselves make a case extraordinary such as to warrant a downward departure. *Morales*, 2007 WL 1857084, at *3 (citing *United States v. Maldonado*, 242 F.3d 1, 4-5 (1st Cir. 2001)). In other words, Petitioner's status as an alien does not by itself present an extraordinary case that would support a downward deduction of his sentence. In fact, the Fifth Circuit has held that a maximum sentence can be imposed for an alien who is under an order of deportation and this is not abuse of discretion. *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993). Nnanna argued that his sentence should have been lower due to his status as an alien. *Id.* at 421. However, the Fifth Circuit acknowledged in *Nnanna* that U.S.S.G. § 5H1.10 does not address alienage, but instead addresses national origin. *Id.* at 422.

Petitioner also alleged that his alien status prevents him from reducing his jail time by not allowing him to live in a community halfway house or to take a drug program and prevents him from being assigned to a minimal security area. However, the Fifth Circuit has followed the Second Circuit in holding, "Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment that an alien may incur following a federal conviction are not a basis for downward departure." *Id.* Petitioner failed to present an extraordinary case. This Court concludes that departure from the Guidelines would thus be improper.

### D. Evidentiary Issues

Petitioner argues in his second and third claims that he was convicted based on evidence obtained through unconstitutional means and the prosecution failed to disclose evidence favorable to him. Petitioner provides no evidence for either of these claims. All the petitioner provides is a conclusory allegation for each claim.

As mentioned above, Petitioner cannot raise his Fourth Amendment claim because he has

7

already made an unconditional guilty plea. His conviction was based not upon unconstitutional evidence, but on his own plea of guilty wherein he admitted under oath every element of the offense. This plea waived any objections he had concerning unconstitutional searches and seizures. *See United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002).

Petitioner also claims that he was convicted because of the prosecution's failure to disclose evidence favorable to him. However, conclusory allegations are incapable of raising a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

### E. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be brought in a collateral proceeding under § 2255, whether or not Petitioner could have raised the claim on direct appeal. *Massarco v. United States*, 538 U.S. 500, 504 (2003). A claim of ineffective assistance of counsel is properly made for the first time in a motion to vacate because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). If Petitioner establishes ineffective assistance of counsel, this satisfies the cause and prejudice requirement. *United States v. Patten*, 40 F.3d 774, 776 (5th Cir.1994).

Ineffective assistance of counsel claims are generally reviewed under the well established *Strickland* standard, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel's assistance was constitutionally ineffective, Petitioner must show: (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. *Id.* An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994). With respect to prejudice in the context of noncapital sentencing, the habeas court must determine whether there is

a probability that, but for counsel's deficience, the defendant's sentence would have been significantly less harsh. *Spriggs v. Collins*, 993 F.2d 85, 87 (5th Cir. 1993).

Petitioner claims that his lawyer was ineffective because he both failed to mention Petitioner's status as an alien to the Court for the Court's consideration during sentencing and incorrectly predicted Petitioner's prison sentence. Initially, this Court notes that Castillo-Silva's Mexican citizenship was noted in the PSI and the Court was well-aware of it at the sentencing. Further, this Court concludes that Petitioner's lawyer's failure to present a non-meritorious legal argument to the Court does not constitute deficient performance and the lawyer's incorrect prediction did not prejudice Petitioner.

Arguing for the mitigation of a sentence based on the Petitioner's status as an alien alone would constitute a non-meritorious legal argument. The Fifth Circuit precedent discussed above supports the fact that Petitioner's counsel would have been making a non-meritorious legal argument had he attempted to simply mention Petitioner's status as an alien as a way of mitigating any sentence the Court imposed on the Petitioner. *Nnanna*, 7 F.3d at 422. *Nnanna* held that alien status alone will not allow for a reduction or mitigation of a sentence. *Id*. Alien status must be accompanied by an extraordinary case warranting a downward departure from the Guidelines and Petitioner failed to provide such facts. *Morales*, 2007 WL 1857084, at *3.

Petitioner claims that his counsel incorrectly predicted that a guilty plea would give him a sentence of thirty-seven to forty-six months. However, Petitioner has not offered any evidence showing that his lawyer, in fact, made any such prediction or that he was prejudiced by his attorney's prediction. Nor could he have been prejudiced, because the Court told the Petitioner when he pleaded guilty that he faced a mandatory 5 years in jail. He was also told in open Court by the judge

of the possibility of a sentence between 60 and 480 months. His sentence of 66 months is clearly within this range.

### III. Evidentiary Hearing

In the instant case, the record is clearly adequate to dispose fairly of Petitioner's allegations. As such, an evidentiary hearing is unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates. Rule 8(a), 28 U.S.C. foll. § 2255.

### IV. Conclusion

A thorough review of all files, records, and correspondence relating to the judgment being challenged conclusively shows that Petitioner is not entitled to the relief sought. Therefore an order for summary dismissal with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings is appropriate. Rule 4(b), 28 U.S.C. foll. § 2255; *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

Jorge Horacio Castillo-Silva's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is hereby **DENIED**. The United States' motion to dismiss and motion for summary judgment are **GRANTED**. The § 2255 motion is summarily **DISMISSED** with prejudice.

Signed this 13th day of August, 2008.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE